### ADLER v. DAVIS et al.

(Supreme Court, Trial Term, New York County. April 9, 1900.)

GIFT IN PRÆSENTI—CUSTODY—EVIDENCE—SUFFICIENCY.

Plaintiff claimed the gift of a watch at his circumcision, accompanied by an actual delivery to his mother, in whose custody it remained for about an hour, when she requested the donor to keep it in her safe until the boy grew older. One of the executors of the donor testified that once plaintiff's mother, in his presence, asked deceased to tell him of the watch she had promised to give plaintiff on her death, and that deceased replied that she had promised to give it if she lived until his confirmation. There was evidence that at the circumcision plaintiff's mother had suggested that a certain friend keep the watch, and that deceased immediately said that she would keep it herself. Experts as to Jewish customs testified that it was not customary to make valuable presents, such as a watch, at circumcision. *Held*, that the evidence was insufficient to show a gift in præsenti, passing title to plaintiff.

Action by Abram Adler, by his guardian, against Henry H. Davis and another. Judgment for defendants.

Jacob Friedman, for plaintiff.

Edward Kaufman, for defendants.

McADAM, J. The plaintiff, an infant, by his guardian sues for the conversion of a gold watch, valued at $300, which he claims was the subject of a gift from Mrs. Rebecca Abrahams, of whose will the defendants are executors. The plaintiff claims that the gift was made at his circumcision; that it was accompanied by an actual delivery to his mother, in whose custody it remained for about one hour, when the mother requested the donor to keep it in her safe until the boy grew older. The donor died with the watch in her possession. It passed with her effects into the custody of her executors, the defendants, and they sold it as part of her estate. The question is whether there was a valid gift in præsenti, or a contemplated gift, to be consummated only on the boy's confirmation (Bar Mitzbah), at the age of 13. The law is plain enough. The trouble is with the facts. Personal chattels are alienable by a mere gift of them, accompanied by delivery of possession. For this purpose no writing is required, nor is it essential that there should be any consideration. "Thus, if I give my horse to A. B., and at the same time deliver it into his possession, the gift is complete and irrevocable, and the property in the horse is thenceforth vested in A. B. But if I purport to assign the horse, and yet retain the possession, the gift, though made by writing (so that it be not a deed), is absolutely void." Williams, Pers. Prop. (Am. Ed.) marg. p. 33. "Delivery of the property in question, with the intention to give, is absolutely necessary to the validity of the gift. The owner must part with his dominion and control of the thing before the gift can take effect. There must be an actual and positive change of possession. Words of gift are not sufficient. They alone convey no title, and are not the basis of any action." 8 Am. & Eng. Enc. Law, 1313 et seq.; Gannon v. McGuire, 22 App. Div., at page 47, 47 N. Y. Supp. 870. "A mere intention, or naked promise to give, without some act to pass the property, is not a gift." 2 Kent, Comm. (12th Ed.) 439. Although delivery is essential to perfect a gift, it is not necessary that the donee should retain the property in his possession. The subsequent possession by the donor, while it may in some cases tend "to throw suspicion upon the transaction," is not necessarily incompatible with the donee's dominion over the property, and, if "satisfactorily explained," will not devest the donee of title to the property, when once it has been acquired by him. 14 Am. & Eng. Enc. Law (2d Ed.) 1026, note. The gift being beneficial to the infant, its acceptance may be presumed. Id. 1027. The plaintiff's theory of the facts may seem feasible enough, but has the continued possession by the donor, which throws "suspicion on the transaction" as a gift, been "satisfactorily explained away"? Mr. Cohen, one of the executors, testified that, just prior to the death of the decedent, Mrs. Abrahams, the mother of the plaintiff, called upon her and said: "Won't you please tell Mr. Cohen about the watch you

promised to give my son on your death?" to which Mrs. Abrahams replied: "I promised to give your son the watch if I lived to see his confirmation." The intention of the donor is all-important, for there cannot be a gift "without the mutual consent and concurrent will of both parties." 2 Kent, Comm. (12th Ed.) 439. The experts as to Jewish customs all agreed that it was not customary at circumcision to give children watches, but that at confirmation, which is at the age of 13, it was quite common to make such presents; the presents at circumcision being of a more appropriate and inexpensive kind. The evidence demonstrates that, although there was an intention on the part of the decedent to give the watch to the plaintiff, the gift was conditional upon her being alive at his confirmation, that she might then present it to him. This conclusion, apparent from the acts and declarations of the parties, is consistent both with what the dying woman said she had intended, as well as with her continued possession of the watch. Indeed, the facts negative the idea of a gift in præsenti. "There exists the locus pœnitentiæ so long as the gift is incomplete and left imperfect in the mode of making it, and a court of equity will not interfere and give effect to a gift left inchoate and imperfect." 2 Kent, Comm., supra. Mrs. Abrahams probably showed the watch to the plaintiff's mother as the one she intended to give him at his confirmation, but was careful not to let it go beyond her control. The excuse given by the plaintiff's parents for not retaining the watch is that they had no place to keep such a valuable timepiece; that they suggested that their friend Mrs. Minsman, who was present, should put it in her safe, but Mrs. Abrahams immediately said, "No," that she would keep it herself. It is evident that she did not intend to part with the custody of the watch, but was determined to hold it, that she might herself hand it over to the boy if she lived to witness his confirmation in the faith she devoutly cherished. Indeed, all the evidence points that way. Where a party seeks to recover from personal representatives the possession or value of articles found among the effects of a decedent, and the only title thereto asserted is by way of gift from such decedent, the facts connected with the gift, which go to establish its validity, and to rebut the inference to be drawn from continued possession of the property by the decedent, ought to be proved by evidence so cogent as to leave no reasonable doubt in the mind of an unbiased person that the demand is a proper one, or otherwise the legal presumption against the validity of the gift ought to prevail. The lips of the decedent are sealed in death, and the safety of her estate requires the application of this stern but just rule. Such claims are easily made, but difficult of contradiction by proof.

The plaintiff has not by a preponderance of evidence established legal title to the property, and there must be judgment for the de fendants.